UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY PIFER and PAMELA A. PIFER,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>Defendants. | Cause No. C18-0606RSL<br><br>ORDER GRANTING SHELLPOINT MORTGAGE SERVICING'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on a motion for summary judgment filed by defendants NewRez, LLC, f/k/a New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint") and The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-8 ("BONY"). Dkt. # 84. All claims against BONY were previously dismissed. *See* Dkt. # 46. The only claim that remains pending against Shellpoint is for negligent misrepresentation. Shellpoint seeks judgment in its favor.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v.*

ORDER GRANTING SHELLPOINT
MORTGAGE SERVICING'S MOTION
FOR SUMMARY JUDGMENT- 1

*Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that

show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving

party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to

designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S.

at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . .

and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of

Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact

genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the

"mere existence of a scintilla of evidence in support of the non-moving party's position will be

insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th

Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose

resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion

for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In

other words, summary judgment should be granted where the nonmoving party fails to offer

evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am.

Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and

taking the evidence in the light most favorable to plaintiffs, the Court finds as follows:

In 2007, plaintiffs obtained a $393,750.00 loan from Countrywide Home Loans, Inc.,

with an interest rate of 7.6%. Dkt. # 85-1 at 1. In July 2011, plaintiffs signed a loan modification

ORDER GRANTING SHELLPOINT
MORTGAGE SERVICING'S MOTION
FOR SUMMARY JUDGMENT- 2

agreement with Bank of America, N.A.[1] Under the modification, the new interest rate on the outstanding balance of the loan would be 2% until July 2013, 3% until July 2015, 4% until July 2016, and 4.875% thereafter. Dkt. # 85-2 at 1. The unpaid principal balance of the loan was agreed to be $434,710.30. *Id*.

The cover letter accompanying the loan modification agreement stated "[t]his modification agreement will not be binding or effective unless and until it has been signed by both you and Bank of America." Dkt. # 89-1 at 1. Plaintiffs made a few payments under the terms of the modified loan agreement, but when they did not receive a countersigned copy of the agreement, they were afraid that the money was going "into a black hole." Dkt. # 89 at ¶ 6. They did not make the October 2011 payment and have paid nothing since. Plaintiffs wrote to Bank of America inquiring about the status of the loan modification agreement and requesting a signed copy. Dkt. # 89 at ¶ 7; Dkt. # 92-1 at 1. Bank of America responded in December 2011 with a copy of the loan modification agreement and a letter stating "[t]he modification agreement you executed is binding because you signed and returned the modification agreement that Bank of America proposed by the deadline." Dkt. # 92-1 at 2. The copy of the agreement that Bank of America provided was not countersigned: Bank of America indicated that "[t]he bottom section of the modification agreement is for internal use only." Dkt. # 92-1 at 2 and 5. Bank of America further indicated that "[t]he investor of your loan is Bank of New York . . . ." Dkt. # 92-1 at 2.

Bank of America continued to send plaintiffs account statements that reflected the interest rates specified in the loan modification agreement. *See* Dkt. # 86-1 at 2 (2% as of March 2013);

---

[1] It is unclear whether Bank of America was the lender or the loan servicer at the time it offered the loan modification to plaintiffs.

ORDER GRANTING SHELLPOINT
MORTGAGE SERVICING'S MOTION
FOR SUMMARY JUDGMENT- 3

Dkt. # 86-2 at 2 (3% as of July 2013). In December 2016, defendant Shellpoint took over the servicing of plaintiffs' loan. Dkt. # 85-3 at 1. Plaintiffs requested that Shellpoint validate the debt (Dkt. # 89 at ¶ 8), at which point Shellpoint issued a form "Validation of Debt Notice" stating, among other things, that the principal balance was $432,572.88 and that the creditor to whom the debt was owed was Bank of America, N.A. Dkt. # 85-4 at 1. Six weeks later, Shellpoint sent plaintiffs a letter in response to further inquiries stating that the current owner of the loan is BONY and reiterating that the principal balance is $432,572.88. Dkt. # 85-5 at 1-2. Shellpoint's periodic statements also represented that the outstanding principal balance is $432,572.88 and utilized the interest rates specified in the loan modification agreement.

Plaintiffs assert that "because we did not have any indication that the [loan modification agreement] was accepted and being honored, and because Shellpoint's documents contain inconsistences from the terms of the [loan modification agreement], we could not make payments toward the loan either in 2011, 2016 or 2018." Dkt. # 89 at ¶ 12. Based on the above facts, plaintiffs have asserted a negligent misrepresentation claim against Shellpoint, arguing that its representations regarding the outstanding principal balance on the loan and the identity of the owner of the debt caused them harm.

The Washington Supreme Court has adopted the definition of negligent misrepresentation set forth in the Restatement (Second) of Torts:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating

ORDER GRANTING SHELLPOINT
MORTGAGE SERVICING'S MOTION
FOR SUMMARY JUDGMENT- 4

the information.

*ESCA Corp. v. KPMG Peat Marwick*, 135 Wn.2d 820, 826 (1998) (quoting Restatement (Second) of Torts § 552(1) (1977)). Thus, to prevail on a claim of negligent misrepresentation, plaintiffs must prove by clear, cogent, and convincing evidence that (1) the information Shellpoint provided was false, (2) Shellpoint knew or should have known that the information was provided to guide plaintiffs' business transactions, (3) Shellpoint was negligent in obtaining or providing the false information, (4) plaintiffs relied on information, (5) their reliance was reasonable, and (6) plaintiffs suffered pecuniary loss as a result of their reliance. *See Lawyers Title Ins. Corp. v. Baik*, 147 Wn.2d 536, 545 (2002) (citing with approval a six-factor test).

Plaintiffs have not raised a triable issue of fact that could forestall summary judgment in Shellpoint's favor. Their argument focuses primarily on a single element of the negligent misrepresentation analysis, namely whether Shellpoint obtained or communicated the information regarding the owner of the debt and the outstanding balance in a negligent manner. Plaintiffs assert that the 2011 loan modification agreement was not valid or enforceable in the absence of Bank of America's signature on the document and that Shellpoint should have realized that when validating the debt. Assuming, for purposes of this motion, that Shellpoint should have delved more deeply and asked more questions when it reviewed the loan documents, plaintiffs have failed to establish by clear, cogent, and convincing evidence most of the remaining elements of a negligent misrepresentation claim.

First, with regards to the  principal balance amount stated by Shellpoint in its correspondence and account statements, plaintiffs have not raised a triable issue regarding

ORDER GRANTING SHELLPOINT
MORTGAGE SERVICING'S MOTION
FOR SUMMARY JUDGMENT- 5

falsity. They do not assert that the balance statements are false, just that they are "different than the amount stated in the [loan modification agreement," and that they "have been unable to reconcile the numbers as represented . . . ." Dkt. # 89 at ¶ 11; Dkt. # 88 at 5. As set forth above, the agreed principal balance in July 2011 was $434,710.30. Plaintiffs then made an unspecified number of payments and, as of 2013, Bank of America was reporting the principal balance as $432,572.88, the amount stated by Shellpoint when it took over the servicing of the loan in 2016. Plaintiffs' confusion notwithstanding, they offer no evidence from which a reasonable jury could infer that Shellpoint misrepresented the principal amount owed as of December 2016.

Second, plaintiffs do not claim to have relied on Shellpoint's representations regarding the owner of the debt or the amount owed. To the contrary, they believed those representations were unworthy of credence from the outset and chose to continue in default precisely because they could *not* rely on the truth of the new servicer's representations.

Finally, even if plaintiffs had believed the alleged misrepresentations, the statements in no way harmed or caused damage to plaintiffs. The Court will assume, for purposes of this analysis, that plaintiffs relied upon the representations that Bank of America owned the debt and that the balance of the loan was slightly less than they had previously thought. Plaintiffs assert that the information caused them to continue withholding their loan payments and to remain in default. Withholding loan payments, in and of itself, results in an increase in funds available to plaintiffs and a monthly benefit to their pecuniary interests. In contrast, the growing delinquency and potential for default/foreclosure could harm plaintiffs interests. There is no indication in the record that plaintiffs were capable of bringing their loan current as of December 2016 regardless of the disclosures Shellpoint made in the validation notices.  Plaintiffs defaulted on their loan in

ORDER GRANTING SHELLPOINT
MORTGAGE SERVICING'S MOTION
FOR SUMMARY JUDGMENT- 6

October 2011 when they decided that the lack of a countersignature on the loan modification agreement and their general distrust of Bank of America justified the withholding of payments. By the time Shellpoint took over the servicing of the loan, plaintiffs were behind on their payments in the amount of $143,810.10 (assuming the loan modification agreement was in effect. If the loan modification agreement were not in place, plaintiffs would have been even further in arrears.) Absent evidence that plaintiffs had the power to bring their loan current, and thereby avoid the harms of which they complain, if only Shellpoint had accurately identified the owner and balance of the debt, they cannot show that their alleged reliance on Shellpoint's statements caused them harm.

For all of the foregoing reasons, defendants' motion for summary judgment (Dkt. # 84) is granted. All claims against Shellpoint and BONY are DISMISSED.

Dated this 5th day of October, 2020.

Robert S. Lasnik
United States District Judge

ORDER GRANTING SHELLPOINT
MORTGAGE SERVICING'S MOTION
FOR SUMMARY JUDGMENT- 7